Filed 7/11/24  In re N.G. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re N.G., a Person Coming Under the Juvenile Court Law. | B327646 |
| | (Los Angeles County |
| | Super. Ct. Nos. 22CCJP01749, 22CCJP01749A ) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| T.G., et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Dismissed.

Paul Couenhoven, under appointment by the Court of Appeal, for Appellant mother T.G.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Respondent father R.G.

No appearance for Plaintiff and Respondent.

---

Mother T.G. appeals from the juvenile court's visitation order involving her daughter, N.G.  Because N.G. turned 18 while this appeal was pending, we invited the parties to submit supplemental letter briefs addressing whether this matter should be dismissed as moot.  Mother has not objected to the dismissal.  We therefore dismiss the appeal.

## FACTUAL BACKGROUND

N.G. (born in June 2006) is the daughter of mother and father, R.G.  In May 2022, the Los Angeles County Department of Children and Family Services (DCFS) filed a dependency petition on behalf of N.G. under Welfare and Institutions Code section 300, subdivisions (a), (b)(1), (c), and (d).[1]  The petition alleged that mother physically abused N.G. (counts a-1 and b-2), mother and stepfather, A.G., engaged in violent physical altercations in N.G.'s presence (counts a-2 and b-3), stepfather sexually abused N.G. (counts b-1 and d-1), mother medically neglected N.G. by failing to provide mental health treatment (count b-4), mother

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

failed protect N.G. from stepfather's alcohol and marijuana use (count b-5), and mother emotionally abused N.G. (count c-1). The petition also alleged that father failed to protect N.G. from the sexual and physical abuse.

At the adjudication and disposition hearing in August 2022, the court sustained the allegations in the petition as to mother and dismissed the allegations as to father. The court exercised jurisdiction over N.G., ordered her removed from mother, and placed her with father. N.G. then moved to father's home in Georgia.

At a review hearing on February 22, 2023, the court found the conditions that justified jurisdiction no longer existed as N.G. was doing well with father. The court terminated jurisdiction with sole legal and physical custody to father. The court awarded mother monitored in-person and telephonic visitation with N.G. subject to father's discretion. Specifically, the court stated that father had discretion as to whether mother's visits were monitored and "where they occur," as well as discretion to "set up phone calls with mother and [N.G.] and the conditions for those." Mother appealed.

## DISCUSSION

On appeal, mother challenges the portion of the court's February 22, 2023 order setting the terms of her visitation. Specifically, she argues that by failing to specify a minimum frequency or duration for visitation and leaving the scheduling at father's discretion, the court delegated to father "the authority to deny Mother any visitation with N.G. whatsoever."

N.G. turned 18 in June 2024, while this appeal was pending. We therefore requested letter briefs from the parties

addressing whether the matter should be dismissed as moot.[2] Mother filed a letter stating that she "understands this court's concern and submits the decision on this issue to the court's sound discretion." Father filed a letter agreeing that the case was moot and dismissal was appropriate.

A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) A case becomes moot when a court cannot render effective relief. "[R]elief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status." (*Id.* at p. 277.) "This rule applies in the dependency context." (*Id.* at p. 276, citing *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)

Here, mother challenges the parameters of the court's visitation order. Because the juvenile court terminated jurisdiction, its exit orders regarding custody and visitation are enforceable by the family court. But the family court only has subject matter jurisdiction to adjudicate custody or visitation over "minor" children, which is statutorily defined as a person under 18 years of age. (See Fam. Code §§ 2010(b), 3022

---

[2] DCFS has not made an appearance in this appeal. We granted father's request for appointment of counsel on appeal and he filed a respondent's brief.

4

[jurisdiction extends to parties' minor children]; see also Fam. Code §§ 6500, 6501 [defining "minor"].).  Thus, even if we were to reverse the visitation order, the family court no longer has jurisdiction to make orders regarding visitation between mother and N.G., who is no longer a minor.  (See *Marriage of Jensen* (2003) 114 Cal.App.4th 587, 594 [holding that because "visitation is a form of custody," the court "had no authority to issue a visitation order regarding [the child] after he reached the age of majority"]; see also *Conservatorship of Navarrete* (2020) 58 Cal.App.5th 1018, 1031, citing *Jensen.)*

Because we cannot render effective relief, this appeal is moot.  We may nevertheless exercise our discretion to reach the merits if a challenged finding could impact current or future dependency proceedings or if "[p]rinciples of fairness" favor discretionary review.  (*In re D.P., supra*, 14 Cal.5th at pp. 284-286.)  Mother has not identified any legal or practical consequences from the court's visitation order that would warrant our exercise of discretion.  We therefore decline to do so and dismiss the appeal as moot.

## DISPOSITION

Mother's appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

CURREY, P. J.                                    MORI, J.

5